## LAWRENCE COUNTY v. MEADE COUNTY.

Act Cong., approved July 30, 1886, relating to the aggregate indebtedness of territorial counties, did not affect indebtedness contracted prior to its enactment; nor did it prevent a county, whose indebtedness exceeded the 4 per cent limit when such act was approved, from levying such taxes as it was authorized by law to levy, and issuing its warrants within the limits of such levy in anticipation of their collection. If the warrants issued were within the amounts lawfully levied, they did not increase the municipal indebtedness, within the meaning of such act. Unless it affirmatively appears that the warrants issued in any year exceeded in amount the levy for such year, they must be regarded as lawful claims against the county.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Lawrence county.  Hon. A. J. PLOWMAN, Judge.

Action to recover from Meade county the sum of $24,200.10 alleged to be the proportion of the floating indebtedness of Lawrence county which was at the date of its organization agreed to be paid by Meade county.

Plaintiff recovered a judgment for $1,729.87 only and appeals.  Reversed.

The facts are stated in the opinion.

*R. C. Hayes,* State's Attorney, (*W. R. Steele* and *G. C. Moody,* of counsel) for appellant.

*M. McMahon,* State's Attorney, (*McLaughlin & McLaughlin,* of counsel) for respondent.

HANEY, J.    This action was brought to recover the proportion of the so-called floating indebtedness of the plaintiff, which it is alleged the county of Meade was under obligation to assume and pay by virtue of the provisions of the act creating the defendant county.    What are now the counties of Meade and Lawrence constituted one county prior to the act of the territorial legislature which took effect in February, 1889. The action was tried by the court.    No objection is raised to its findings of fact, and the only question presented by this appeal is whether its conclusions of law and judgment conform to the facts found.

The court finds that it was mutually agreed between plaintiff and defendant that when defendant was created the portion of the floating indebtedness of Lawrence county, to be assumed and paid by defendant, was $24,200.10; that no part of this sum has been paid by it; that by a mutual mistake of law the contracting parties agreed upon the sum stated, supposing that all the floating indebtedness of Lawrence county was legal, whereas a large portion of it was illegal, having been incurred in violation of the act of congress approved July 30, 1886; and that defendant's proportion of the legal floating indebtedness was $1,729.87, instead of $24,200.10, as agreed upon by the parties, for which amount plaintiff has judgment.    The act of congress approved July 30, 1886, provides as follows:    ''No political or municipal corporation, county, or other subdivision in any of the territories of the United States shall ever become indebted in any manner or for any purpose to any amount in the aggregate, including existing indebtedness, exceeding four per centum on the value of the taxable property within such corporation, county, or subdivision, to be ascertained by

the last assessment for territorial and county taxes previous to the incurring of such indebtedness; and all bonds or obligations in excess of such amount given by such corporation shall be void. That nothing in this act contained shall be so construed as to affect the validity of any act of any territorial legislature heretofore' enacted, or of any obligations existing or contracted for in pursuance of express provisions of law; nor to prevent any territorial legislature from legalizing the acts of any county, municipal corporation or subdivision of any territory as to any bonds heretofore issued or contracted to be issued." Comp. Laws, p. 34. It may be conceded that when the foregoing act was approved the indebtedness of Lawrence county exceeded 4 per centum on the value of the taxable property therein, but by the terms of the act none of the indebtedness then existing was rendered invalid, and the county began business under its operation with a lawful indebtedness exceeding the limit allowed by the law of congress. What, then, was the power to incur indebtedness from July 30, 1886, to July 1, 1889, when its indebtedness was apportioned between the old and new counties, by their respective boards, in accordance with the act creating the county of Meade? The act of congress above quoted, in its application to a municipal corporation with an indebtedness exceeding the 4 per centum limitation, has received the construction of this court. In Shannon v. City of Huron (S. D.) 69 N. W. 598, it is held that: "The fact that a municipality is indebted to the full constitutional limit does not prevent the same from levying such taxes as ·it is authorized to levy by law, and issuing its warrants within the limits of such levy in anticipation of their collection; and, so long as the warrants issued are within the amounts lawfully levied, they do not create an additional debt. To render such warrants invalid, it must affirmatively appear, therefore, that no tax had been provided for their payment when the warrants were issued." It nowhere appears in the record before us that Lawrence county issued any warrants in any year from July 30,

1886, to July 1, 1889, in excess of the amounts lawfully levied during those years; consequently the warrants issued during that time were lawful claims against the county. It has been shown that the indebtedness existing at the beginning of the period was legal; hence it is not shown that any portion of the indebtedness existing July 1, 1889, was illegal, and all of it was properly included in the adjustment then made between the two counties. The judgment of the court below is reversed, and the action remanded for further proceedings according to law.