CHICAGO & N. W. RY. CO. v. FAULK COUNTY *et al.*

1.  A sinking fund tax, authorized by Laws 1897, Chap. 28, § 71, to pay interest on and principal of outstanding debt, is void, where there are merely ordinary county warrants outstanding.

2.  Even if a taxpayer may be estopped by lapse of time from resisting collection of void tax, there is no laches, having such effect, where, in February succeeding levy in September, he makes offer to pay legal taxes, which is rejected, and the following September, under agreement with the county that it should not affect its rights, pays the admitted legal tax, and in November commences action to restrain collection of the disputed tax.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Faulk county. HON. LORING E. GAFFY, Judge.

Action by the Chicago & Northwestern Railway Company against the county of Faulk and William H. Smith, treasurer thereof for an injunction restraining the selling of certain realty for taxes. Judgment for plaintiff, and defendants appeal. Affirmed.

*Frank Turner,* for appellants.

*Coe I. Crawford,* for respondent.

HANEY, P. J. After having paid such taxes as were conceded to be legal, the plaintiff instituted this action for the purpose of restraining the defendant county and its treasurer from selling the plaintiff's property to satisfy a tax alleged to be illegal. Judgment having been rendered in favor of the plaintiff, defendants appealed therefrom, and from an order denying their application for a new trial.

In September, 1897, the commissioners of the defendant county levied the following taxes for the current year: "County general fund four and one-half mills on the dollar valuation; sinking fund, three

and one-half mills on the dollar valuation; bridge fund, one and one-fourth mills on the dollar valuation; support of insane, three-fourths of one mill on the dollar valuation." At that time the unpaid taxes of 1891 to 1896, inclusive, in all funds, amounted to $52,013.03; outstanding general fund warrants, exclusive of interest, amounted to $23,034.42; and there was no bonded indebtedness whatever. The statute then in force contains the following provisions: "The rate of the levy for ordinary state purposes shall not be to exceed two mills on the dollar; for ordinary county revenue, including support of the poor, not more than six mills on the dollar; for roads and bridges, a bridge tax not to exceed two mills on the dollar and a road tax not to exceed four mills on the dollar; for county sinking fund, such rate as in the estimation of the board of county commissioners will pay one year's interest on all outstanding debts of the county, with not to exceed fifteen per cent on the principal." Laws 1897, c. 28, § 71. The use of the terms "sinking fund" and "outstanding debts" indicates that the legislature did not intend to authorize a second fund from which to pay ordinary county warrants. Warrants drawn upon designated funds in anticipation of uncollected revenue have always been regarded in this state as debts in only ·a restricted sense. In re State Warrants, 6 S. D. 518,62 N. W. 101, 55 Am. St. Rep. 852; Western Town Lot Co. v. Lane. 7 S. D. 1, 62 N. W. 982; Shannon v. City of Huron, 9 S. D. 356, 69 N. W. 598; Lawrence Co. v. Meade Co., 10 S. D. 175, 72 N. W. 405. A sinking fund is defined to be a fund arising from particular taxes, imposts, or duties, which is appropriated towards the payment of the interest due on a public loan, and for the gradual payment of the interest; a fund created for extinguishing or paying a funded debt. 2 Bouv. Dict. 1004; Union Pac. R. Co. v. Buffalo Co., 9 Neb. 449, 4 N. W. 53; Ketchum v. City of Buf-

falo, 14 N. Y. 379; Railroad Co. v. Pyne (C. C.), 30 Fed. 89. As the defendant county had no debt to which the proceeds of a sinking fund could be lawfully applied, the tax for that purpose was unauthorized and void. In 1897 the proper taxing officer of each taxing district was required to certify to the county auditor the several rates of taxes to be levied in his district; the auditor was required to extend the taxes in a book called the "Railroad Tax Book", and to transmit a copy of the rates and taxes so extended to each railroad company having property in the county. Laws 1897, c. 28, § 54. It appears that these requirements of the law were complied with; that the plaintiff made no objection to the sinking fund tax until February 15, 1898, when it offered to pay all other taxes against its property in the defendant county, which offer was refused; that in September, 1898, the parties entered into a written contract wherein it was agreed that the plaintiff should pay, and the defendant receive, all taxes, except the tax for sinking fund, and interest and penalty on the taxes conceded to be legal, without affecting the county's right to collect the sinking fund tax and the interest and penalty upon the other taxes, if such sinking fund tax should be held to be a legal tax; and that this action was commenced prior to November 7, 1898. Upon these facts it cannot be successfully contended that the plaintiff was guilty of laches. Under the statute it could not have received legal notice of the levy until after the tax had been extended. It could not have been heard in opposition to the extension of the tax as to any property except its own. It was under no obligation to interfere with the action of defendant's officers for the protection of any other taxpayer than itself. It promptly offered to pay all of its legal taxes, as promptly refused to pay the illegal portion, and began its action without unreasonable delay. Were it conceded that a taxpayer might be es-

topped by lapse of time from resisting the collection of a void tax, there would be no facts disclosed by this record upon which to predicate such an estoppel.

The judgment of the circuit court is affirmed.