## WALLING v. LUMMIS, Custer County Treasurer.

1. Where taxes had been levied in excess of the amount of the warrants

issued, such warrants were a legal indebtedness of the county, though an amount insufficient to pay them had been actually collected.

2. The issuance of 4 per cent bonds by a county to refund 7 per cent warrants, as allowed by Laws 1901, c. 94, was not unlawful, though it had already exceeded the limit of 5 per cent. indebetedness allowed by Const.art. 13, § 4, since by the exchange of the bonds for the warrants the indebtedness would be diminished, rather than increased.

3. Laws 1901, c. 94, entitled "An act authorizing counties to fund their outstanding indebtedness," was not a violation of Const. art. 3, § 21, which provides that "no law shall embrace more than one subject, which shall be expressed in its title," though such title did not indicate the character of the indebtedness to be funded.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Custer county; Hon. W. G. RICE, Presiding Judge.

Injunction by W. H. Walling against S. C. Lummis, county treasurer Custer county, to restrain the issuance of refunding bonds. From a judgment for defendant, plaintiff appeals. Affirmed.

*Ed. L. Grantham,* for appellant.

The debt of any county shall never exceed five per centum upon the assessed value of the taxable property therein. § 4 Art. XIII, Constitution.

This provision is a plain limitation of the aggregate amount of county indebtedness, whether by loan or otherwise. People v. May, 9 Colo. 82; Lake County v. Rollins, 130 U. S. 669.

Does not apply to merely bonded indebtedness. City v. Stewart, 51 Ia. 385; Law v. People, 87 Ill. 385; Price v. City, 105 Ill. 138; Wisconsin v. Taylor, 52 Wis. 37; People v. May, 9 Colo. 82.

Plea of ignorance or hardship can not prevail. Repudia-

tion not considered. Law v. People, 87 Ill. 394; Litchfield v. Ballow, 114 U. S. 190; Dixon Co v. Field, 111 U. S. 83: People v. May, 9 Colo. 99.

County bonds in excess of limitation absolutely void. Lake Co. v. Graham, 130 U. S. 680; Carroll Co. v. Smith, 111 U. S, 556.

Warrants drawn upon the treasurer are promisory notes, not bills of exchange. Clark v. Des Moines, 19 Ia. 199; Fairchild v. Ogdensberg R. Co., 15 N. Y. 337; Bull v. Sims, 23 N: Y. 570; Clark v. Polk Co.. 19 Ia. 248; Bayerque v. San Francisco, 19 Cal. 486.

*Buel R. Wood,* for respondent.

Though a municipal corporation be indebted to the con: stitutional limit, valid appropriations of its revenue may be made in anticipation of the collection thereof. Grant v. City of Davenport, 36 Ia. 399; State v. Medbury, 7 Ohio St. 531; Fuller v. Heath, 89 Ill. 296; State v. McCauley, 15 Col. 445; Law v. People, 87 Ill 400; Koppikus v. State Capital Com'r's 16 Cal. 253; People v. Pacheco, 27 Cal. 207; City of Springfield v. Edward 84 Ills. 626; In re State bonds 3 S. D. 484.

CORSON, J. This is an appeal from a judgment in favor of the defendant entered upon an agreed case. It is stipulated n the statement of facts that in 1895, 1896, and 1897 there was issued to Elta N. Drew general fund warrants of the county of Custer to the amount of several hundred dollars, which were duly presented for payment, and indorsed "Not paid for want of funds," and duly registered; that on July 1, 1902, the assessed valuation of Custer county was $1,300,000; that the outstanding bonded indebtedness was $71,019; that the outstand-

ing warrant indebtedness of said county, as represented by its general fund warrants then outstanding, was $126,000; that at the regular election of 1901 the said county commissioners duly submitted to the voters of said county, under the provisions of chapter 94 of the Laws of 1901, the question of refunding the general warrant indebtedness of said county, and that a majority of the voters of the said county voted to refund the same; that said board, under and by virtue of said act, has issued funding bonds to exchange for said general fund warrants, including those belonging to Elta N. Drew, and has exchanged $96,000 in value of the same, and is about to exchange $30,000 for the balance of the same; that from the year 1893 to 1902, inclusive, the indebtedness of said county exceed 5 % of its assessed valuation; that during each and all of said years levies were made for the county general fund, which exceeded the amounts of the warrants drawn for said years; that large amounts of taxes levied for general fund purposes have been compromised, and large amounts thereof have been stricken from the tax books as uncollectible, so that the general fund taxes collected during those years was less than the amount of warrants drawn against said fund; and that the plaintiff is a taxpayer of said county. The court concludes that the plaintiff's application for an injunction should be denied, his complaint dismissed, and judgment entered for the defendant for his costs.

Chapter 94, laws 1901, referred to, provides. "Each and every county of the state is hereby authorized and empowered, by and through its board of county commissioners, when ordered by a majority vote of the electors voting thereon, at a general or special election called for that purpose, to issue its

negotiable bonds in the name of the county corporation for the sole purpose of funding the outstanding indebtedness which exists against said county.   Provided, that no bond shall be issued under the provisions of this act to pay or fund any indebtedness except such as is represented by the legally issued county warrants, or order of said county issued since January 1, A. D. 1891, and prior to the passage and approval of this act, or such as is represented by the duly audited accounts or claims against said county which have been allowed since January 1, A. D. 1891, and prior to the approval of this act."   It is in the act further provided that in no case shall the amount of such bonds in the aggregate, including the then existing indebtedness, exceed 5 per centum of the value of the taxable property within such county, except that the warrants or other indebtedness taken up by said bonds shall not be considered or counted in arriving at the amount of the constitutional limit of the indebtedness.   It is contended on the part of the appellant that, as it is stipulated in the agreed statement of facts that the county of Custer had a bonded indebtedness of $71,-019, and an assessed valuation of $1,300,000, it affirmatively appears that said county had exceeded the limit of 5 per cent. indebtedness allowed by section 4 of article 13 of the constitution, which provides. "The debt of any county, city, town, school district or other subdivision shall never exceed five per centum upon the assessed value of the taxable property therein," and the bonds issued and proposed to be issued are void. It will be noticed that it is stipulated in the agreed statement that at the time the county general fund warrants were issued issued taxes had been levied in excess of the amount so for their payment.   The warrants were, therefore, legally is-

6 S. D.—23

sued, and constitute a legal indebtedness of the county. In re State Warrants, 6 S. D. 518. 62 N. W. 101, 55 Am. St. Rep. 852. It will be noticed that by the act of 1901 provision is made for refunding the legal indebtedness of the county in the form of general fund warrants by issuing bonds therefor. It is further stipulated that the warrants draw interest at the rate of 7 per cent per annum, and that the bonds are only to draw interest at the rate of 4 per cent annum. By exchanging the warrants, therefore, for bonds the indebtedness of the county will not be increased, but rather diminished, and no new indebtedness is therefore created by the proposed refunding scheme. A question quite analogous to the one at bar was involved in the case of Insurance Co. v. Mead, 13 S. D. 37, 82 N. W. 78, 48 L. R. A. 785, 79 Am. St. Rep. 876, and we held in that case that refunding outstanding warrants issued by the city of Pierre did not increase the indebtedness of the city, and was not in violation of the constitution. This question was so fully discussed and considered in that case and the cases of City of Mitchell v. Smith, 12 S. D. 241, 80 N. W. 1077, Hyde v. Ewert (S. D,) 91 N. W. 474, and Ewert v. Mallery (S. D.) 91 N. W. 479, that a further discussion of the question in this opinion is unnecessary.

The board of county commissioners seems to have strictly followed the provisions of the law, and the refunding resolution seems to have been adopted by a very large majority of the electors of Custer county. We are of the opinion that the act of the legislature in making the provisions for refunding such indebtedness is clearly within the powers vested in that body, and is not in violation of the provisions of the constitution above quoted. It is true it is stipulated in the agreed

statement of facts that certain taxes had been stricken from the tax roll as uncollectible, and compromises entered into in regard to certain taxes so that the general fund taxes collected during the years mentioned were less than the amount of warrants drawn against such fund during all of the said years during and up to the year 1901, but, as the taxes levied during those years were in excess of the amount of the warrants issued, the warrants were legal, and the action of the board of county commissioners in compromising and striking from the tax roll uncollectible taxes, whether legally or illegally done, could not affect the warrants theretofore issued.

The appellant further contends that the title to the act constituting chapter 94, Laws 1901, does not comply with the requirement of the constitution of this state. The title to the act is as follows: "An act authorizing counties to fund their outstanding indebtedness." This contention is clearly untenable. Section 21, art. 3, of the constitution, provides, "No law shall embrace more than one subject which shall be expressed in its title." The title of the act in question clearly embraces only one subject, namely, the authority to counties to fund their outstanding indebtedness. It is true the title does not indicate the character of the indebtedness to be funded, nor was it necessary that it should do so. We are of the opinion, therefore, that the court, in making its conclusions of law in favor of the defendant and directing judgment thereon, committed no error.

The judgment of the circuit court is affirmed.