## BRANNON V. WHITE LAKE TP.

1.  Comp. Laws 1887, § 5215, provides that an appeal must be taken by serving a notice on the adverse party and on the clerk of the court, and that the appeal shall be deemed taken by the service of the notice. Held, that service on both the adverse party and on the clerk was requsite to constitute an appeal, so that the fact that the judgment roll was not filed until after service on respondent did not invalidate the appeal where it was filed before service on the clerk.

2.  Under Comp. Laws 1887, § 4872, providing that the trustee of an express trust may sue without joining the person for whose benefit the action is brought and that such a trustee shall be construed to include one with whom a contract is made for the benefit of another, an agent who purchases a township warrant with funds belonging to his principal, taking an assignment in his own name, may sue thereon,

3.  Comp. Laws 1887, § 4850, provides that an action on a contract, as well as an action upon a liability created by statute. other than a penalty or forfeiture, shall be brought within six years.    Sections 1672 and 1673 authorize the registration of county, city, or town warrants by the treasurer at the option of the holder.    Held, that as, after a township warrant was registered, no suit could be maintained thereon until there were funds for its payment in the treasurer's hands, or until a sufficient time had elapsed for collecting them, the six years limitation thereon did not begin to run until that time.

4.  Where, in a suit on a registered township warrant, which is itself prima facie evidence of the cause of action, the condition of the town treasury when the case was begun is not disclosed, the direction of a verdict for defendant cannot be justified on the ground that the suit was premature.

5.  A township warrant represents but one indivisible cause of action, and where it is registered suit thereon is premature unless there is sufficient money in the treasury to pay it in full, or sufficient time has elapsed in whcih to collect such amount.

(Opinion filed June 3, 1903.)

Appeal from circuit court, Aurora county.    Hon. FRANK B. SMITH, Judge.

Action by P. H. Brannon against White Lake township. Judgment for defendant, and plaintiff appeals.    Reversed.

*Smith & O'Connor and J. L. Hannett,* for appellant.

A township warrant is prima facia evidence of the indebtedness of the township and an action may be maintained thereon by the payee or his assignee.    Mortgage Co. v. Mitchell, 1 S. D., 593; Heffleman v. Pennington Co., 3 S. D. 162.

A township is not liable on an order drawn on its treasurer until after demand and refusal to pay.    Pelton v. Crawford Co. 10, Wis. 63; Packard v. Town of Bovina, 24, Wis, 382; Caldwell Co. v. Harbet, 68, Tex. 321.

A right of action on a certificate of deposits does not ac-

crue until demand, and refusal to pay. Tobin v. McKenny, 84, N. W. 228 (S. D.); Cornwall v. McKenny, 12, S. D. 118; Munger v. Bank, 85, N. Y. 587; McGough v. Jamison, 107, Pa. St. 336.

In cases when a demand is necessary, the statute of limitations begins to run from date of demand. Wright v. Hamilton 21, Am. Dec. 513; Shenod v. Woodard, 25, Am. Dec. 714; Long v. Strauss, 107 Ind. 94; Rhind v. Hyndman, 54, Md. 525.

Town orders or warrants are to be paid in the order of their presentation to the treasurer, and not otherwise. Comp. Laws, Sec. 1671.

Where a demand is necessary before the commencement of an action, it must be made at least within the statutory period of limitations, as a person cannot extend the statute of limitation indefinitely by failing to make demand. Meherin v. San Francisco, Pro. Ex. 48, Pac. 1074; Codman v. Rogers, 27, Mass. 118.

Statute of limitations does not commence to run against a city warrant until there is money in the city treasury, which may be applied to its payment, and until its holder has had such notice as will enable him to present it for payment to the city treasurer. Potter v. New Whatcom. (20 Wash. 589).

*H. C. Preston,* for respondent.

Sec. 6, of Chap. 80, Laws of 1891, provides for the issuing of bonds to first raise the money sufficient for the construction of artesian wells.

The statute of limitations did not begin to run until the money was received in the treasury in accordance with the terms of the act. Freehill v. Chamberlain 65 Cal. 603.

The statute of limitation began to run against it from the

time when the indebtedness arises, and not merely from the time when the claim is presented for allowance. Baxter v. State, 17 Wis. 606.

The holder of this order was not required to register it. Sec. 1673 Comp. Laws, provides, that nothing in the act, shall be construed to require the holder of any warrant to register the same.

The statute began to run when there was money in the artesian well fund to pay for the well.

When a plaintiff has it in his power to make his cause of action complete he cannot voluntarily delay its operation and so extend the time within which he can sue by neglecting to perfect his right. The statute will then run from the time when he could have perfected his cause of action, irrespective of the time when he does perfect it. Steele v. Steele, 25 Pa. St.. 154; Bank v. Greene, 64 Ia. 445: Hintrager v. Fraut, 69 Ia. 748, Palmer v. Palmer, 36 Mich. 487.

HANEY, P. J.   The plaintiff alleges that he is the owner and holder of the following order or warrant, which was pre· sented for payment and payment refused on. October 10, 1894, no part of which has been paid: "$1,500.00. South Dakota, County of Aurora. May 5th, 1893. To the Treasurer of White Lake Township, S. D.: Pay to the order of Alfred Short, per H. M. Miles, the sum of fifteen hundred dollars, for No. 2 artesian well, drilling 500 feet, at $3.00 per foot, out of any money in your hands belonging to the artesian well fund not otherwise appropriated, belonging to said township. [Signed] A. H. Hall, Clerk. G. W. Cooper, Chairman, pro tem. No. 22" He also alleges that at or about the time the payment of said

warrant was demanded there was money in the treasury of the defendant corporation belonging to the so-called "artesian well fund." Defendant admits the execution of the warrant, denies the plaintiff's ownership, denies that there was money in the artesian well fund when payment was demanded, alleges payment of the warrant, and pleads the statute of limitations. At the close of the trial defendant moved the court to direct a verdict in its favor on the grounds (1) that the plaintiff is not the real party in interest, and (2) that plaintiff's cause of action did not accrue within six years next preceeding the commencment of the action. The motion was granted, and the plaintiff appealed.

Respondent's contention that this appeal should be dismissed because it was taken before the judgment roll was filed is untenable. The roll was filed July 2, 1901. Notice of appeal was served on respondent's attorney June 27, 1901, and on the clerk July 3, 1901. An appeal is taken by service of notice in writing on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered. Comp. Laws 1887, § 5215. Where a party has an attorney in in the action, service must be made upon the attorney, instead of the party. Id. § 5336. Service on the clerk is as essential as service on the attorney of the adverse party. V. C. Land Co. v. Schone, 2 S. D. 344, 50 N. W. 356. The statute declares that "the appeal shall be deemed taken by the service of the notice of appeal." (Comp. St. 1887, § 5215); that is to say, by service on the adverse party and on the clerk. Hence the appeal in this case was not taken until service was made on the clerk, and before that was done the roll had been filed. As respondent's position would not be more favorable under the law

oJ 1901 relating to the filing of judgments and orders, no opinion is expressed regarding the effect, if any, of that law upon the taking of appeals. Laws 1901, c. 166. When received in evidence, the warrant bore the following endorsement: "I hereby assign the within warrant to P. H. Brannon of Lawler, Iowa. Alfred Short per H. M. Miles." "Town Order No. 22. The within order presented for payment this day and the same not paid for want of funds. White Lake, South Dakota. Dated Oct. 10, 1894. Registered No. 30. A. H. Hall, Town Treasurer." The evidence tends to prove that on or about May 30, 1893, the plaintiff, acting as the agent of one Hawe, purchased the warrant of H. M. Miles for and with funds belonging to his principal, and that he has never had any interest therein otherwise than as such agent. It will not be inferred that the verdict was directed on the ground that the plaintiff was not the real party in interest, as he was entitled to maintain this action in his own name as the trustee of an express trust. Comp. Laws 1887, § 4872; Hudson v. Archer, 4 S. D. 128, 55 N. W. 1099; Citizen's Bank v. Corkings, 9 S. D. 614, 70 N. W. 1059, 62 Am. St. Rep. 891.

It is conceded, and properly so, that the contract in suit falls within the six-years limitation. Comp. Laws 1887, § 4850. This action was commenced on June 2, 1900. Therefore the inquiry arises whether plaintiff's cause of action accrued within the six years next preceeding that date. Id. § 4833. Evidence was introduced tending to establish these facts: Bonds were sold by the defendant corporation for the purpose of securing funds with which to construct certain artesian wells. Had the proceeds of such bonds not been embezzled by a former town treasurer, there would have been sufficient money in

the fund upon which plaintiff's warrant was drawn to have paid it in full at any time from its execution to its presentment for payment. The precise date of the embezzlement does not appear. Mr. Hall, who became treasurer in March, 1894, testified as follows: "I have testified that I received no money for the artesian well fund from my predecessor. I have since received money on account of that fund. I received it, I think, the 13th day of July, a year ago. That is the first that I received. I then received $1,500. I think—I won't be positive—it was $1,525 or $1,550. I haven't the book with me. I have not received money on account of the artesian well fund since that time. I cannot tell the exact amount of money there is now in the artesian well fund. It is seven or eight hundred dollars." The abstract being silent as to when the trial took place, we are unable to determine the condition of the artesian well fund when this action was commenced—a matter not material on this appeal, but which may become so should the cause be again tried. The authorities are somewhat conflicting as to when a cause of action accrues on a county, city or town warrant; the result, no doubt, of the difference in the statutes of the several states, and the fact that the question is in some cases considered in connection with the statute of limitations, and in others with reference to whether the action has been prematurely commenced. In disposing of the present appeal, for the purposes of which it must be assumed that the warrant sued on is a valid, unpaid obligation of the defendant corporation, a review of the authorities is deemed unnecessary. An action on the warrant was certainly not barred before it was presented for payment and registered by the town treasurer on October 10, 1894—less than two years

after it was executed.    If it was then a valid, unpaid warrant, the treasurer was authorized to register it.    Comp. Laws 1887, §§ 1672, 1673.    If it was not a valid obligation, the question of limitation becomes immaterial, and it is unnecessy to decide what effect, if any, registration would have on an invalid obligation.    The plaintiff might, after having presented his warrant, have refrained from having it registered; but, having elected to accept the benefits of the statute on that subject, he was precluded from bringing suit thereon until there was sufficient money in the fund upon which it was drawn for its payment in the order of registration, or until sufficient time had elapsed in which to provide the requisite funds for its payment in the manner provided by law.    Stewart v. Custer Co., 14 S. D. 155, 84 N. W. 564.    Clearly a cause of action cannot accrue before the time is reached when an action can be maintained thereon.    The right of the plaintiff to have his warrant registered cannot be questioned on this appeal, and, having had it registered, no act on his part would have entitled him to sue on it before the conditions existed which authorize actions to be instituted on registered warrants.    Defendant was not entitled to a verdict on the ground that the plaintiff's cause of action was barred by the statute of limitations.    And, as the warrant is prima facie evidence of a cause of action, and the condition of the town treasury when this case was begun is not disclosed, the direction of the verdict in defendant's favor cannot be justified on the ground that the suit was prematurely instituted.

In anticipation of the issues likely to arise on a second trial, it is proper to observe that the warrant sued on should be regarded as representing but one indivisible cause of action; and

while it is prima facie evidence of such cause of action, a suit cannot be maintained thereon where it affirmatively appears that there was not, when the suit was commenced, sufficient money in the fund on which it is drawn to pay it in full, in the order of registration, and sufficient time had not then elapsed in which to collect the necessary funds for that purpose in the manner provided by law.

The judgment of the circuit court is reversed, and a new trial ordered.