## McCAVICK v. INDEPENDENT SCHOOL DIST. OF FLORENCE.

A tax levy in process of collection may be deducted from the indebtedness incurred by a school district in estimating whether it has exceeded the limit fixed by Const. art. 13, § 4.

School district voters by authorizing a bond issue of $7,000 for a school site and building did not thereby impliedly forbid the board of education to expend more than that amount.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge.

Action by P. J. McCavick against the Independent School District of Florence. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed, with directions.

*Seward & McFarland,* for appellant. *Hanten & Hanten* and *Sherin & Sherin,* for respondent.

McCOY, J. The plaintiff's complaint, omitting formal matters, in substance, shows the following facts: That defendant is an independent school district corporation which includes the incorporated town of Florence, in Codington county; that the assessed valuation of all the taxable property in said school district for the year 1906 was $154,975; that the said school district had met assets to the amount of $427.80; that on the 12th day of August, 1907, the board of education made a tax levy of $2,000 for general fund purposes; that on the 8th day of June, 1907, the question of issuing bonds to the amount of $7,000 was submitted to the voters of said district and a majority of the electors thereof declared in favor of issuing such bonds to purchase the school site and erect buildings, and that the school site was thereafter purchased at a cost of $650; that on the 27th day of August, 1907, the board of education entered into a contract with plaintiff whereby plaintiff agreed to furnish the materials and costruct the schoolhouse for said district at the agreed contract price of $8,985, final payment to be made 30 days after its completion; that, by reason of mutual change in construction in said schoolhouse, the said contract price was reduced to $8,939.50; that thereafter, on the 29th day of August, 1908, plaintiff fully performed his said contract by furnishing said materials and constructing said schoolhouse and that thereafter the defendant duly accepted the said building; that defendant has paid to plaintiff the sum of $7,102.76 of said contract price, leaving a balance of $1,836.74 still unpaid, which defendant still refuses and neglects to pay to plaintiff, to which complaint the defendant demurred on the ground that the same does not state facts sufficient to constitute a cause of action against defendant. Upon the said demurrer being overruled, defendant appealed, assigning as error the overruling of said demurrer.

The first contention of appellant is that said complaint shows on its face that the contract in question was made for an amount in excess of the constitutional limit under section 4, art. 13, State Const., and was therefor void, and, by reason thereof, plaintiff should not be permitted to recover the said balance of said contract

price. In this contention we are of the opinion that appellant is in error. This court has a number of times held that taxes assessed and in process of collection are constructively in the treasury. Williamson v. Aldrich, 21 S. D. 13, 108 N. W. 1063, and cases there cited. Considering the $2,000 levy in the process of collection reducing such indebtedness and liabilities of defendant to the extent of that amount, the debt occasioned by the construction of said schoolhouse did not reach the constitutional limit by $587. Appellant also contends that the said contract was in contravention of section 2243, Pol. Code, and also contends that the voters of said district by a vote on the question of issuing bonds for school site and school building to the amount of $7,000 thereby impliedly authorized the board of education to expend that amount and no more for such purposes, but we are of the opinion there is no merit in either of these contentions.

The order appealed from is affirmed, and the circuit court is directed to either enter judgment for plaintiff in accordance with the allegations of the complaint, or permit defendant to answer upon terms, as to that court shall seem proper.