LOLLICH, Respondent, v. HOT SPRINGS SCHOOL DISTRICT NO. 10 et al., Appellants.

(201 N .W. 354.)

(File No. 5758.   Opinion filed December 13, 1924.)

**Schools and School Districts—Constitutional Law—Sale and Issue of Proposed Bonds Held Not to Violate Constitutional Limitation of Indebtedness**

Where net assets of independent school district, and taxes levied and in process of collection, when deducted from total of proposed bond issue and indebtedness already incurred, left a net indebtedness less than limitation prescribed by Const., Art. 13, Sec. 4, school district held authorized to sell and issue the proposed bonds.

Appeal from Circuit Court, Fall River County; Hon. JAMES McNENNY, Judge.

Suit by C. T. C. Lollich, for himself and for all other taxpayers of Hot Springs Independent School District No. 10, against the Hot Springs Independent School District No. 10, of Hot Springs, Fall River County, and others.   From an order overruling their demurrer, defendants appeal.   Reversed.

E. W. Martin and E. B. Adams, both of Hot Springs, for Appellants.

Bertin Goddard, of Hot Springs, for Respondent.

Appellant cited: State v. Hopkins, 44 Pac. 134.; Dively v. Cedar Falls, 27 Iowa 227; Johnson v. Commissioners, 56 Pac. 701; Crogster v. Bayfield County, (Wis.) 74 N. W. 635; Rev. Code 1919 Sec. 7609, Laws 1923 Chap. 176; People v. Pacheco, 27 Cal. 207, 219.

POLLEY, J. On the 26th day of February, 1924, the board of education of Hot Springs independent school district No. 10, pursuant to a resolution theretofore duly adopted, held an election to determine the proposition of issuing and selling bonds of said school district in the sum of $86,800, for the purpose of building a high school building in said district. At such election the affirmative of said proposition carried by a large majority. The board thereupon proceeded to issue and offer said bonds for sale, when the plaintiff herein, a resident taxpayer of said school district, brought this action, for the purpose of enjoining the issue and sale of said bonds.

The ground upon which said injunction is asked is that the indebtedness of $86,800, to be created by the issuance of said bonds together with an existing indebtedness of $48,500, will exceed the constitutional limit of indebtedness of 5 per cent. of the assessed value of the assessable property in said school district. Section 4, art. 13, S. D. Const. The school district demurred to plaintiff's complaint. The trial court overruled said demurrer, and defendants, school district, board of education, and the president and secretary of said board appeal.

From the allegations in the complaint, the truth of which is admitted by the demurrer, it appears that the assessed value of the property in the district is $1,736,408. Five per cent. of this amount equals $86,820.40. The existing indebtedness of the district is $48,500, which with the amount of the proposed bond issue is $135,300. But the district has cash assets in its treasury of $40,197.08, and taxes levied and in process of collection amounting to $40,000. These two items amount to $80,197.08, and defendants contend they are entitled to have this amount deducted from $135,300, in order to determine the true indebtedness of the district, including the said bond issue.

The facts presented by this record are parallel to the facts in McCavick v. School District, 25 S. D. 449, 127 N. W. 476. In that case the assessed value of the property in the defendant

school district was $145,975. · Five per cent. of this amounted to $7,748.75. The incurred indebtednes was $9,589.05, but the district had net assets to the amount of $427.80, and $2,000 in taxes levied and in process of collection. These two amounts deducted from $9,589.05 left $7,161.70, or $587.50 less than the constitutional limit. This court held that the indebtedness was within the constitutional limit. In this case the two items of assets, $40,000 of taxes levied and in the process of collection, and $40,197.08, deducted from $135,300 leaves only $55,102.92 net indebtedness, and considerably less than the constitutional. limit of $86,820.40. Following the rule announced by this court in McCavick v. School District, supra, and in Williamson v. Aldrich, 21 S. D. 13, 108 N. W. 1063, the defendant may issue and sell the said bonds in the amount of $86,000 without exceeding the constitutional limit of indebtedness, and said bonds when issued and sold will constitute a valid indebtedness against said school district.

The order appealed from is reversed.

· DILLON, J., not sitting.

Note.—Reported in 201 N. W. 354. See, Headnote, American Key-Numbered Digest, Schools and school districts, Key-No. 90, 35 Cyc. 975.