RIDGELAND SCHOOL DISTRICT, et al, Appellants, v. BIESMANN, et al, Respondents

(21 N. W.2d 324.)

(File No. 8774. Opinion filed January 11, 1946.)

**W. M. Potts,** of Mobridge, and Byron S. Payne, of Pierre, for Plaintiffs-Appellants.

**Morrison & Skaug,** of Mobridge, for Defendant-Respondent George Biesmann.

BENSON, Circuit Judge. This action was brought by the appellant school district and its officers under the Uniform Declaratory Judgments Act, to determine the validity of a large number of the district's warrants, which it contends are void because issued for obligations incurred after the constitutional debt limit had been reached. The suit was dismissed as to defendant Corson County and separate judgments were entered in favor of Timber Lake School District No. 2 and George Biesmann. Plaintiff appeals from the Biesmann judgment alone.

Appellant Ridgeland School District No. 14 was formed in 1922 of territory detached from Smee School District. At that time Smee District had a bonded indebtedness of $36,000, part of an issue to build a school, which building was retained by Smee District after the division. Thereafter the county commissioners levied a tax annually on the property of the two districts for payment of the bonds. On July 1, 1936, $19,500 thereof remained unpaid, $14,000 on July 1, 1937, $8,500 on July 1, 1938, $3,000 July 1, 1939, and on April 24, 1940, the bonds were fully paid.

Pursuant to the provisions of Section 7446, R. C. 1919, as amended by Chapter 207 Session Laws of 1921, the property and indebtedness, other than bonded, of the old school district was apportioned between the new districts. This division was made on the basis of 80.7% to Smee and 19.3% to Ridgeland.

The parties have stipulated that the full legal tax levy was made by appellant each year. For the period here in-

volved the assessed valuation, constitutional debt limit, warrants issued and mill levy of Ridgeland School District, together with the cash on hand and amount of warrants retired during each year, were as follows:

| Fiscal years | Tax year | Assessed Valuation | Debt limit 5% assessed valuation | Warrants issued | Legal 15 Mill levy | Total warrants including those currently issued | Warrants retired during year | Cash on Hand at end of fiscal year |
|---|---|---|---|---|---|---|---|---|
| 1936–37 | 1935 | $254,838 | $12,741.90 | $4,815.22 | $3,830.75 | $14,349.91 | $2,992.53 | $ 195.34 |
| | 1936 | 255,383 | 12,769.15 | 4,988.16 | 3,007.43 | 19,208.96 | 3,108.69 | 408.97 |
| 1938–39 | 1938 | 200,495 | 10,024.75 | 5,778.79 | 2,700.27 | 21,998.07 | 2,191.04 | 204.92 |
| 1939–40 | 1939 | 180,018 | 9,000.90 | 4,138.38 | 2,694.51 | 23,258.07 | 2,939.29 | 795.13 |
| 1940–41 | 1940 | 179,634 | 8,981.70 | 1,483.04 | 2,853.95 | 21,084.26 | 896.45 | 420.55 |
| 1941–42 | 1941 | 190,263 | | | | | | 4,286.68 |

In addition to the current taxes there are taxes levied and uncollected as follows: 1931 to 1935, inclusive, $10,220.-43; 1931 to 1936, inclusive, $11,812.42; 1932 to 1937, inclusive, $11,437.91; 1933 to 1938, inclusive, $11,269.42; 1934 to 1939, inclusive, $10,413.36.

So far as applicable § 4, Article XIII of the South Dakota Constitution provides: "The debt of any * * * school district * * * shall never exceed five (5) per centum upon the assessed valuation of the taxable property therein, for the year preceding that in which said indebtedness is incurred."

There are two principal questions involved herein; first, what if any part of the bonded indebtedness of the parent Smee District is to be considered the debt of Ridge·District when computing the latter's indebtedness for purposes of the constitutional prohibition; second, may uncollected taxes for prior years be deducted from the gross debt in arriving at the indebtedness of the district for constitutional purposes.

At common law, when, after a school district has created a bonded indebtedness, a part of the district is detached and formed into a new district, the old district owns all the public property within its limits, and is responsible for all the debts of the corporation contracted before the separation, and the property of the new district cannot thereafter be taxed to pay·such bound issue, at least where none of the property for which said debt was created is retained by the new district. 56 C. J. 732. Scott v. San Mateo County, 27 Cal. App. 708, 151 P. 33; Town of Mount Pleasant v. Beckwith, 100 U. S. 514, 10 Otto 514, 25 L. Ed. 699; Johnson v. City of San Diego, 109 Cal. 468, 42 P. 249, 30 L. R. A. 178. The legislature by Chapter 207 Laws of 1921 changed this common law rule by requiring the apportionment of the indebtedness, other than bonded, of the original district between the new districts formed therefrom. This chapter provided, however, that the county commissioners should levy a tax annually on the property of the new districts, sufficient to pay the interest and principal of the bonds as they became due. Appellant urges that the

entire bonded indebtedness must be used in arriving at the debt of each district for constitutional purposes. It is certain that neither the framers of the constitution nor the legislators of 1921 intended such an inequitable result as to burden both districts with the entire amount of the bonds. On the other hand it would create an anomalous situation should Ridgeland District be taxed for payment of the bonds and still not be indebted for any part of them. It is our opinion that for the purpose of determining the debt of the district insofar as the constitutional restriction is concerned that the total debt should be divided between appellant and the new Smee District on the basis of assessed value of the districts at the time of separation, that is, 19.3% to Ridgeland and 80.7% to Smee.

■ In arriving at the debt of a school district for the purpose of the constitutional prohibition it is agreed that bonds, unpaid warrants and interest on both should be totaled to arrive at the gross debt, from this should be deducted the cash on hand and at least the amount of the current tax levy. In re State Warrants, 6 S. D. 518, 62 N. W. 101; Williamson v. Aldrich, 21 S. D. 13, 108 N. W. 1063; McCavick v. Independent School District of Florence, 25 S. D. 449, 127 N. W. 476; Lollich v. Hot Spring School District, 47 S. D. 624, 201 N. W. 354; Western Surety Co. v. Mellette County, 63 S. D. 243, 257 N. W. 461, 463.

In the Western Surety Company case this court states the law in what it designates in permanent form, as follows: "* * * warrants for current expenses during any fiscal year may be issued in anticipation of and within limits of a lawful tax levy for such purposes for such period, even though such levy has not yet been collected, and the issuance of such warrants will not be deemed the incurring of an indebtedness or the increasing of existing indebtedness within the meaning of the constitutional prohibition.

It is respondent's contention that not only the current tax levy but also the delinquent taxes for at least five prior years should be deducted from the gross debt. This contention is based on language in the foregoing South Dakota cases, starting with In re State Warrants, wherein it is

stated. [6 S. D. 518, 62 N. W. 103] "The taxes levied and in process of collection are treated as in the state treasury, though not yet actually paid over to the state treasurer. It has been ruled in several cases, and by high judicial authority, that state funds, so in sight, but not yet in hand, may be anticipated and appropriated as though actually in the possession of the state treasurer. * * * It would seem, therefore, that, both upon authority and principle, we should be justified in saying that appropriations from the assessed, but not yet collected, revenues of the state, and the issuance of warrants in pursuance and in evidence thereof, is not the incurring of an indebtedness, within the meaning of section 2, art. 13, of the constitution."

In that case, and in most of the subsequent cases, the only questions to be decided were, (1) whether, after the debt limit had been reached, warrants for current expenses could be issued in anticipation of the collection of the current tax, and (2) whether the amount of that current tax levy could be deducted from the gross debt to determine the debt for constitutional purposes. These cases have resulted in what Judge Campbell called the "pernicious doctrine" relied upon in this case.

There is a sharp conflict between the decisions of the several states, some holding that uncollected taxes for years prior to the current year may be deducted from the gross debt. However, in Mansville Consolidated School District No. 7, Johnson County v. Williamson, 174 Okl. 18, 49 P.2d 749, 752, the court says:

"The better reasoned cases hold that only cash on hand and available assets and resources readily convertible into cash should be considered deductible assets and subtracted from the outstanding indebtedness. To us this seems the better rule. Delinquent taxes are not readily convertible into cash."

"School districts and other municipal and political divisions of the state should pursue a sound business policy in their fiscal management. To consider as assets delinquent taxes which are not only not readily convertible into cash but are improbable of collection violates that policy, * * *."

We would be inclined to agree with the Oklahoma court except that, as stated in the Western Surety Company case, the contrary doctrine is firmly entrenched in the law of this state.

In Lollich v. Hot Springs School District No. 10, supra, the court allowed the deduction of taxes levied and in process of collection amounting to $40,000. It is not clear from this court's opinion whether such taxes constituted the current levy or the levy for prior years. An examination of the record in that case, however, discloses that the $40,000 constituted taxes levied and uncollected for years prior to the then current levy. Thus the doctrine, pernicious though it is, has been established to cover not only current but delinquent taxes so that they may be deducted from the gross debt in determining that debt for constitutional purposes. State ex rel. Barton v. Hopkins, 14 Wash. 59, 44 P. 134, 550; 105 A. L. R. 689.

■ Deducting such current and delinquent taxes from the gross debt in each year involved in this case brings the debt well within the constitutional limitation. It follows, therefore, that the judgment of the trial court must be affirmed.

All the Judges concur.

BENSON, Circuit Judge, sitting for POLLEY, J.