SCHOOL DISTRICT NO. 74 OF HALL COUNTY, NEBRASKA, ET AL., APPELLEES, v. SCHOOL DISTRICT OF THE CITY OF GRAND ISLAND, OF THE COUNTY OF HALL, IN THE STATE OF NEBRASKA, APPELLANT.

186 N. W. 2d 485

Filed April 23, 1971. No. 37720.

Richard L. DeBacker, for appellant.

William L. Walker and Earl Ludlam, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This action was brought to determine the ownership of the schoolhouse and other assets plaintiff School District No. 74 of Hall County, Nebraska, a Class I district, owned at the time the city of Grand Island annexed a portion of School District No. 74, thereby making the annexed portion a part of the defendant Class III district. We find that there must be an apportionment of the assets of plaintiff school district between the two districts. We reverse the judgment of the district court permitting retention by plaintiff of all its assets, real and personal.

The facts are simple. The record is comprised of a stipulation of the parties and certain exhibits. Involved are the assets, both real and personal, of plaintiff school district. Included in the territory annexed by the city of Grand Island, and consequently by the city school district, is the schoolhouse of School District No. 74.

The question presented is, who is entitled to the assets of plaintiff school district?

At common law, when a school district was divided, or a part of its territory detached and included in another district, the old district retained all its funds and property. See, 78 C. J. S., Schools and School Districts, § 73, p. 799; Ridgeland School Dist. No. 14 v. Biesmann, 71 S. D. 82, 21 N. W. 2d 324; People ex rel. Hagler v. Chicago, B. & Q. R.R. Co., 380 Ill. 120, 43 N. E. 2d 989; County School Board v. School Board of the City of Covington, 197 Va. 845, 91 S. E. 2d 654.

In this state the common law rule has been displaced by legislative act. It is now recognized that: "A school district in the State of Nebraska has no territorial integrity but is subject to the reserve power of the state exercised through the administrative authority of the state to make changes according to educational needs and principles.

"The state may change or repeal all powers of a school district, take its property without compensation, expand or restrict its territorial area, unite the whole or a part thereof with another subdivision or agency of the state, or destroy the district with or without the consent of the citizens." Board of Education v. Winne, 177 Neb. 431, 129 N. W. 2d 255.

Section 79-801, R. S. Supp., 1969, applicable to Class III districts, provides: "The territory embraced within the corporate limits of each incorporated city or village * * *, *together with such additional territory and additions* to such city or village as may be added thereto, * * * having a population of more than one thousand and not more than fifty thousand inhabitants, including such adjacent territory as now is or hereafter may be attached for school purposes shall constitute a school district of the third class * * *. * * * *The title to all school buildings or other property, real or personal, owned by any school district within the corporate limits* of any city or village, *shall, upon the organization of the*

*district, vest immediately in the new district; * * *."* (Emphasis supplied.)

Section 79-801.01, R. R. S. 1943, provides that when another district is merged into a Class III district, the latter shall not assume the bonded indebtedness of the former.

Other sections applicable to all schools, including Class III schools, are also pertinent. Section 79-414, R. R. S. 1943, provides: "When a new district is formed in whole or in part from one or more districts possessed of a schoolhouse or other property of a dissolved district, the county superintendent, at the time of forming such new district or as soon thereafter as may be, shall ascertain and determine the amount justly due to such new district from any dissolved district or districts out of which it may have been, in whole or in part, formed. The amount shall be ascertained and determined as nearly as practicable according to the relative value of the taxable property in the respective parts of such former district or districts with the whole value thereof at the time of such division. The fact that the schoolhouse or other property is not paid for shall not deprive such new district of its proportionate share of the value thereof. Such new district shall remain bound for such indebtedness to the same extent as though the new district had not been formed, unless in case of indebtedness not bonded, the same shall be adjusted as provided in section 79-418. When a new district embraces all of one or more former districts, the new district shall succeed to all the properties and other assets and be responsible for all unbonded indebtedness of such former dissolved district or districts."

Section 79-415, R. R. S. 1943, provides: "All money on hand and arising from the sale of schoolhouse and site, and all other funds of the divided districts, shall be divided among the several districts created in whole or part from the divided districts as nearly as practicable in proportion to the assessed valuation of the taxable

property attached to the districts formed in whole or in part by such division."

Section 79-416, R. R. S. 1943, provides: "Whenever, due to the division of any district or to a district, or any part thereof, being taken over by the United States for any defense, flood control, irrigation, or war project, the schoolhouse, schoolhouse site, or other property of such district is no longer conveniently located for school purposes or desired to be retained by the district in which it may be situated, the county superintendent of the county, in which such schoolhouse, schoolhouse site, or other property is located, may, when ordered by the district, advertise and sell the same at public or private sale and apportion the proceeds; Provided, when sold at private sale, the sale shall not be binding until approved by the district interested."

Section 79-402, R. S. Supp., 1969, provides, in part, as follows: "When a district is dissolved by petitions, and the area is attached to two or more districts said petitions shall specify the disposition to be made of assets and unbonded indebtedness of the districts; Provided, when a portion or portions of a district are attached to another district or districts the remaining portion of the original district shall retain the identity, assets, and unbonded obligations of the original district."

Section 79-801, R. S. Supp., 1969, and section 79-402, R. S. Supp., 1969, appear to arrive at contradictory solutions for the disposition of district property. The latter section is designed to apply when changes are effected by petition and the former, when changes are brought about by annexation. Section 79-801, R. S. Supp., 1969, by its language appears to be primarily directed at a transfer of school property at the time of the organization of the Class III district and not later. It states: "The title to all school buildings or other property, real or personal, owned by any school district within the corporate limits of any city or village, *shall, upon the organization of the district,* vest immediately in the new

district; * * *." (Emphasis supplied.) Insofar as the disposition of property is concerned, it does not specifically apply to a situation involving the partial annexation of an adjoining district *after the organization of a city district.*

The statutes mentioned were originally adopted in 1881. See Laws 1881, chapter 78. At that time Nebraska was thinly populated but a growth in population was becoming apparent, more schools were becoming necessary, and large districts were being split up. The laws then adopted were directed toward requiring that the assets of old school districts be apportioned and shared with the new districts. The statutes remain substantially the same and have not been sufficiently altered to meet all modern conditions. Now the reverse is true. Instead of school districts dividing, they are merging or consolidating. The literal wording of some of the statutes may not specifically require that the annexing districts, into which others are partially merged, be subjected to the plan for apportionment of the assets of the split-up districts. Yet, it is evident that in the event of the division of a school district, the overall intent of the Legislature was to promote an apportionment of the school assets as provided for in section 79-414, R. R. S. 1943. Section 79-402, R. S. Supp., 1969, is limited in its disposition of school property to instances of dissolution by petition and section 79-801, R. S. Supp., 1969, appears to be limited, in effect, to the time of *organization* of a Class III district. If the latter were construed as defendant suggests, it would provide a one-way street whereby the annexing district could strip an adjoining district of its school facilities and property by a partial annexation of its territory. Section 79-414, R. R. S. 1943, is apparently designed to cover all instances of partial or complete merging but from a literal standpoint is limited to instances where a new district is created.

All this would indicate that the common law governs

in the present instance, but it appears the intent of the Legislature was to override the common law and provide a different solution in all instances. We are therefore convinced that in major cases of partial merger or annexation, where not otherwise specifically directed, it was the legislative intent to require an apportionment of assets as indicated in section 79-414, R. R. S. 1943. When the literal wording of a statute leads to an absurdity, or to an illogical or unjust conclusion, the intention of the Legislature, as gathered from the entire act, will prevail. See, Ray v. School District of Lincoln, 105 Neb. 456, 181 N. W. 140; Halstead v. Rozmiarek, 167 Neb. 652, 94 N. W. 2d 37. The real intent of the Legislature when ascertained will always prevail over the literal sense of the language used in a statute. See State ex rel. Davis v. Farmers State Bank, 112 Neb. 597, 200 N. W. 173. In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N. W. 2d 592.

The assets, both real and personal, of plaintiff should be ascertained, their value arrived at and apportioned by the district court on the basis of the relative value of the taxable property in the respective parts of former School District No. 74 as now constituted. Indebtedness, other than bonded indebtedness, of School District No. 74, existing at the time the merger became effective, should be taken into account. The real property of School District No. 74, as formerly constituted, which now lies within the boundaries of defendant school district, is awarded to the defendant subject to apportionment of its value as directed. Costs are taxed to defendant.

The judgment of the district court is reversed and the

cause remanded for further proceedings as herein directed.

REVERSED AND REMANDED WITH DIRECTIONS.

CARTER, J., not participating.