STATE OF NEBRASKA EX REL. JOHN E. HALLORAN ET AL., APPELLANTS, V. ANITA HAWES, COUNTY CLERK OF ADAMS COUNTY, NEBRASKA, APPELLEE.

279 N. W. 2d 96

Filed May 15, 1979.   No. 42040.

John A. Wagoner and Ralph A. Bradley, for appellants.

Arthur C. Toogood and W. G. Cambridge, for appellee.

Robert D. Westadt and Otradovsky & Bieber, for amicus curiae.

Heard before Boslaugh, McCown, Clinton, and Brodkey, JJ., and Caniglia, District Judge.

McCown, J.

This is an action in mandamus to require the respondent, the county clerk of Adams County, Nebraska, to call an election under the provisions of section 79-801, R. R. S. 1943. Peremptory writ of mandamus issued. Following trial the District Court for Adams County set aside the peremptory writ of mandamus and dismissed the relators' petition. The relators have appealed.

On July 26, 1976, the city council of Hastings, a first class city, duly adopted ordinances which annexed certain contiguous territory to the city. The parties to this proceeding have stipulated that the territory annexed was, at the time of annexation and had been for more than 1 year, a part of a Class VI high school district known as Adams Central High School, and was also located in either School District No. 15 of Adams County or School District No. 60 of Adams County, both of which were Class I rural elementary school districts. It was also stipulated that none of the territory involved here had ever been annexed by petition to any Class III, IV, V, or VI school district, and that the territory was included in the Adams Central High School district by virtue of having been originally included within that school district as the result of an election held for that purpose on July 29, 1966.

Relators filed their original petition for writ of mandamus on May 25, 1977. The petition alleged that relators were residents, voters, and taxpayers in the territory annexed and the school districts involved; that the school boards had not entered into negotiations as to which school district the annexed territory should be a part of; and that the Hastings district had refused to negotiate on that issue. The petition also alleged that relators had demanded that respondent set up an election as provided for under section 79-801, R. R. S. 1943, but that respondent had failed and refused to take any action. Relators alleged they had no adequate remedy at law and prayed that a peremptory writ of mandamus be issued requiring the respondent to begin the procedure for setting up an election immediately and to fulfill her obligations under section 79-801, R. R. S. 1943.

The District Court issued a peremptory writ of mandamus on June 8, 1977. On July 6, 1977, following trial and submission of briefs, the District Court

set aside the peremptory writ of mandamus and dismissed the relators' petition. This appeal followed.

Some historical perspective is necessary. With minor variations not relevant here, the statutes of Nebraska, since 1881, have provided that the territory embraced within the corporate limits of each first class city constitutes a school district of the third class, and any additional territory annexed to the boundaries of such city by ordinance automatically became part of the Class III school district of the city. See § 79-801, R. R. S. 1943, and its predecessors.

School districts in this state are presently classified into six categories. Class I includes any school district that maintains only elementary grades. Class II includes any school district embracing territory having a population of 1,000 inhabitants or less that maintains both elementary and high school grades. Class III includes any school district embracing territory having a population of more than 1,000 and less than 50,000 inhabitants that maintains both elementary and high school grades. Class IV includes any school district embracing territory having a population of more than 50,000 and less than 200,000 inhabitants that maintains both elementary and high school grades. Class V includes any school district embracing territory having a population of 200,000 or more that maintains both elementary and high school grades. Class VI includes any school district in this state that maintains only a high school. § 79-102, R. R. S. 1943.

The city of Hastings has a population of more than 1,000 and less than 50,000 and is a first class city. The school district of the city of Hastings is a Class III school district.

Prior to 1967, what is now section 79-801, R. R. S. 1943, provided: "The territory embraced within the corporate limits of each incorporated city or village in the State of Nebraska, together with such ad-

ditional territory and additions to such city or village as may be added thereto, as declared by ordinances to be boundaries of such city or village, having a population of more than one thousand and not more than fifty thousand inhabitants, including such adjacent territory as now is or hereafter may be attached for school purposes, shall constitute a school district of the third class and be known by the name of 'The School District of (name of city or village), in the county of (name of county), in the State of Nebraska.' As such in that name, the district shall be a body corporate and possess all the usual powers of a corporation for public purposes, and in that name and style may sue and be sued, purchase, hold, and sell such personal and real estate, and control such obligations as are authorized by law. The title to all school buildings or other property, real or personal, owned by any school district within the corporate limits of any city or village, shall, upon the organization of the district, vest immediately in the new district; and the board of education of the new district shall have exclusive control of the same for all purposes herein contemplated." That language remains intact as the basic portion of the current version of section 79-801, R. R. S. 1943. Provisional exceptions have been added. The main thrust of the statute remains the same.

In 1967 a proviso was added: *"Provided*, that where the territory annexed by a change of boundaries of such city has been a part of a Class III, IV, or V school district for more than one year prior thereto, having been annexed by petition, a merger of the area annexed with the Class III school district shall not become effective unless a majority of the board of education of such Class III, IV, or V district within ninety days after the effective date of the city annexation ordinance shall vote in favor of the merger." Laws 1967, c. 541, § 1, p. 1782.

In 1976, the proviso was expanded to include Class

VI school districts and the remaining language of the proviso was changed to its current form which is: *"Provided,* that where the territory annexed by a change of boundaries of such city has been part of a Class III, IV, V, or VI school district for more than one year prior thereto, having been annexed by petition, the question as to which district the annexed territory shall be part of shall be negotiated by the school boards of the school districts involved. If the majority of the members of each school board cannot reach agreement on such question within ninety days after the effective date of the city annexation ordinance, the question of which school district the annexed territory shall be a part of shall be placed on the ballot for the next primary or general election. The registered voters of all Class I districts which form the annexed territory shall then vote on the question at such election. * * *." The amendment to the proviso also included provisions dealing particularly with the ownership and disposition of property of Class VI school districts affected.

It is the contention of the relators that the 1976 amendment to the proviso is unconstitutional because it is special legislation and does not operate uniformly upon Class VI school districts, but distinguishes between Class VI districts formed by the election process and those formed by petition. We disagree.

It is tacitly conceded that the operative language: *"Provided,* that where the territory annexed by a change of boundaries of such city has been part of a Class III, IV, V, or VI school district for more than one year prior thereto, having been annexed by petition, * * *" is not ambiguous. Relators' argument that such language creates two kinds of Class VI school districts is unfounded. The classification created by the proviso does not apply to school districts or their method of formation. The proviso applies only to territory which was annexed to a Class III,

IV, V, or VI school district by petition. It does not apply to territory which was an original part of a district and was never annexed. It is a general statute and is not special legislation. In effect the relators contend that the Legislature did not actually intend to limit the proviso to territory which had been annexed to a school district by petition, but intended to include all territory of the district, no matter how it became a part of the district. A statute is open to construction only where the language used requires interpretation or may reasonably be considered ambiguous. 73 Am. Jur. 2d, Statutes, § 194, p. 392. The language of the proviso is clear and not ambiguous.

It is a general rule of statutory construction that a proviso which operates to limit the application of the provisions of a statute general in terms should be strictly construed and held to include no case not clearly within the purpose, letter, or express terms of the proviso. 73 Am. Jur. 2d, Statutes, § 319, p. 468.

This court has consistently held that the Legislature has complete power over the organization, function, and finances of school districts. Ratigan v. Davis, 175 Neb. 416, 122 N. W. 2d 12, appeal dismissed 375 U. S. 394, 84 S. Ct. 451, 11 L. Ed. 2d 411. The state may change or repeal all powers of a school district, take its property without compensation, expand or restrict its territorial area, unite the whole or a part thereof with another subdivision or agency of the state, or destroy the district with or without the consent of the citizens. School Dist. No. 74 v. School Dist. of Grand Island, 186 Neb. 728, 186 N. W. 2d 485.

The Legislature may make reasonable classifications of the objects of legislation for the purpose of legislating with reference thereto. The power of classification rests with the Legislature and it will not be interfered with by the courts if real and sub-

stantial differences exist which afford a rational basis for classification. McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480.

The proviso of section 79-801, R. R. S. 1943, distinguishes only between territory annexed to a Class III, IV, V, or VI district by petition, and territory which was a part of the original district or later became a part of it by means other than by petition. The proviso does not distinguish between different methods of creation of school districts. There is a legitimate legislative purpose in the distinction as demonstrated by the legislative history. This court cannot say that the classification complained of will not promote those legitimate aims. Any doubts must be resolved in favor of the constitutionality of the statute. Kaup v. Sweet, 187 Neb. 226, 188 N. W. 2d 891.

To warrant the issue of mandamus against an officer to compel him to act, (1) the duty must be imposed upon him by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty to act must be clear. State ex rel. Goetz v. Lundak, 199 Neb. 585, 260 N. W. 2d 589.

The action of the District Court in denying the writ of mandamus and dismissing relators' petition was correct and is affirmed.

AFFIRMED.