REQUESTED BY: Senator Howard L. Peterson Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Peterson:
This is in response to your letter of May 20, 1981, concerning LB 512 and the difference in treatment of construction liens towards owners of residential property, as opposed to owners of other types of property. Specifically you ask whether this difference in treatment under section 15 of LB 512 results in a constitutionally valid classification.
Under section 15(1)(b) of LB 512 the potential lien of a subcontractor or supplier against the owner of property other than residential property is for the amount unpaid under the lien claimant's contract with the prime contractor. Under section 15(2) of LB 512 the potential lien against the owner of residential property is the lesser of the amount unpaid under the lien claimant's contract with the prime contractor, or the amount unpaid under the residential property owner's contract with the prime contractor, through which the subcontractor or supplier makes his lien claim, at the time the residential owner receives the claimant's notice of lien liability. As a result, the potential lien liability for a residential home buyer could conceivably be less than the liability of an owner of commercial property, if the prime contractor involved had been paid by the residential property owner prior to the subcontractor or supplier furnishing notice of lien liability to that property owner.
LB 512 was introduced on behalf of the `homeowners of Nebraska.' The committee hearing and floor debates for this bill are replete with statements, testimony and references to the fact that this bill is needed to protect residential home buyers, who essentially lack the actual ability as well as the commercial, legal and business sophistication to deal adequately with the existing mechanics lien law. On the contrary, there does not appear to be any evidence in the record that owners of commercial or other types of property are experiencing the same difficulties. The obvious intent of the bill as written is to protect residential home buyers under the construction lien law. In simple terms it is basically residential consumer protection legislation.
A legislative classification will be upheld if it has a reasonable basis and if it bears a relationship to some valid legislative purpose. Pegasus of Omaha, Inc. v.State, 203 Neb. 755, 280 N.W.2d 64 (1979); State ex rel.Halloran v. Hawes, 203 Neb. 45, 279 N.W.2d 96 (1979). Likewise a legislative classification is valid if it is based upon some reason of public policy, or some substantial difference of situation or circumstances that would naturally suggest the justice or expediency of diverse legislation with respect to the objects of the classifications.State ex rel. Douglas v. Marsh, 207 Neb. 598, ___ N.W.2d ___ (1980).
The apparent legislative purpose is to provide some protection to consumers of residential housing, which is a perfectly valid legislative purpose. According to the legislative history of LB 512 there appears to be an adequately demonstrated need for the protection of this particular class of individuals and thus a rational public policy basis for this difference in treatment concerning potential lien liability as between residential property owners and owners of commercial or other types of property. Because of the apparent differences of circumstance between these two classes of property owners and the justifiable need for some protection for the one class, this difference in treatment does not appear to be unreasonable. In this regard LB 512 appears to be constitutionally valid.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General